UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAN AGAINST XTINCTION A/K/A "MAX" A/K/A RICHARD MAXIMUS STRAHAN,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL MCKIERNAN, MASSACHUSETTS DIVISION OF MARINE FISHERIES, et al.,<br><br>Defendants. | Civil Action No. 1:22-cv-10364 |

ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SERVICE, DENYING AS MOOT PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND DENYING WITHOUT PREJUDICE DEFENDANT ARTHUR SAWYER'S MOTION FOR PERMANENT INJUNCTION

August 31, 2022

TALWANI, D.J.

On March 9, 2022, Plaintiff Richard Maximus Strahan filed his Verified Complaint [Doc. No. 1], Motion for Leave to Proceed in Forma Pauperis [Doc. No. 2], and Emergency Application for a Temporary Restraining Order [Doc. No. 4]. On March 14, 2022, the court allowed Plaintiff to proceed in forma pauperis, directed the clerk to issue summons, advised Plaintiff that failure to complete service within 90 days may result in dismissal of the action and that he may elect to have the United States Marshals Service complete service, denied the emergency application to the extent that Strahan sought emergency relief, and directed Defendants to respond to the application for a temporary restraining order within 14 days of

service of the summons and complaint. Order [Doc. No. 7]. On August 16, 2022, Defendant Arthur Sawyer filed a Motion for Pre-Filing Injunction Against Plaintiff [Doc. No. 48].

        I.        The Action Is Dismissed for Failing to Timely Serve the Defendants

Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." See Local Rule 4.1(b) ("If on the 14th day following the expiration of the 90 day period good cause has not been shown [for the failure to make timely service] . . . the clerk shall forthwith automatically enter an order of dismissal.").

Plaintiff did not serve Defendants by June 12, 2022, that is, within 90 days of issuance of the summons as required by the Rule. Between June 14, 2022, and June 28, 2022, Plaintiff attempted to bring several motions to extend the deadline for service. The court struck these motions for failing to comply with the Local Rules and this court's orders. Orders Striking Motion [Doc. Nos. 22, 26, 30]. Plaintiff made no further request to extend the deadline for service, and to date, the summonses have not been returned with proof of execution.

On August 16, 2022, the court directed Plaintiff to file by no later than August 23, 2022, a response setting forth good cause why the court should not dismiss the case if he believed dismissal for failure to serve the Defendants unwarranted. See Order [Doc. No. 46]. In response, Plaintiff stated, inter alia, that he had "allow[ed] exigent events to develop in order . . . to make factual allegations against the Defendants that will 'stick.'" Notice [Doc. No. 54]. Review of the docket shows Plaintiff having filed a Notice of Intent to File Revised Complaint by June 1, 2022 [Doc. No. 19], a Revised Complaint Before Service of Summons [Doc. No. 35] on July 15, 2022, a Final Revised Complaint That He Will Serve on All the Defendants via US Marshal Service

[Doc. No. 52] on August 18, 2022, and his <u>Final Revised Complaints that Supplants and Replaces all other Previous Versions of his Yet Unserved Complaint</u> [Doc. No. 53] on August 21, 2022.

The court finds no cause to excuse Plaintiff's failure to timely serve the Defendants. If certain events needed to transpire before commencing the action, the original filing was premature. Nor is a plaintiff entitled to initiate an action, ignore the 90 day service deadline, and then file multiple amended complaints without leave of court. While an amendment of a complaint prior to service is timely, a complaint may only be amended "once as a matter of course." Fed. R. Civ. P. 15(a).

Finally, Plaintiff's complaint that the United States Marshals Service ("USMS") requires up to ninety days to serve a defendant is misplaced. Plaintiff was advised at the time that summonses were issued that he could have the complaint served by the United States Marshals Service. Had he promptly provided service packages to the USMS, there would have been adequate time for service. His failure to do so cannot be blamed on the USMS.

For all of these reasons, Plaintiff has failed to show good cause for failing to timely serve the Defendants. The action is dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and <u>Plaintiff's Application for a Temporary Restraining Order</u> [Doc. No. 4] is denied as moot.

    II.    <u>Defendant Arthur Sawyer's Motion for Pre-Filing Injunction Against Plaintiff</u>

Defendant Arthur Sawyer contends that Plaintiff is not seeking through his lawsuits to protect marine life but instead "to harass and extort money," and that his "vexatious, abusive, and inexcusable tactics and demeanor" should be enjoined. Def.'s Mem. 1 [Doc. No. 49]. While relief appears to be warranted, Sawyer has not filed any cross-complaint for abuse of process (or any other independent legal claim). Where the court is dismissing Plaintiff's complaint for lack

of service and Sawyer has not yet filed a responsive pleading, Sawyer's motion for pre-filing injunction is denied without prejudice.

    III.    <u>Conclusion</u>

Accordingly, this action is dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), Plaintiff's <u>Application for a Temporary Restraining Order</u> [Doc. No. 4] is denied as moot, and Defendant Arthur Sawyer's <u>Motion for Pre-Filing Injunction Against Plaintiff</u> [Doc. No. 48] is denied without prejudice.

    IT IS SO ORDERED.

August 31, 2022                                                         /s/ Indira Talwani
                                                                             United States District Judge